IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MARVIN C. STOXSTELL § § § *Plaintiff*, § § v. § § § § § § UNION PACIFIC RAILROAD COMPANY § § *Defendant*. § | Civil Action No. 2:23-cv-00188 <br><br><br><br> **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1.  This is an action under Title I to the Americans with Disabilities Act, as amended (the "ADA"), 42 U.S.C. § 12101, et seq., to correct unlawful employment practices on the basis of disability. As alleged with greater particularity below, Plaintiff Marvin C. Stoxstell ("Plaintiff" or "Stoxstell") would show that Defendant Union Pacific Railroad Company ("Defendant" or "Union Pacific") discriminated against Plaintiff because of his actual or perceived disability and/or failed to accommodate his actual disability, in violation of the ADA.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 705, 706(f)(1) and (3), 707, 709, as amended.

3.  Venue is proper within the jurisdiction of the United States District Court for the

Eastern District of Texas, Marshall Division.

4. The employment practices alleged to be unlawful were committed in Longview, Gregg County, Texas, which is within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

5. Plaintiff is a resident of Longview, Texas.

6. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of Texas and Gregg County, Texas, and has continuously had at least twenty (20) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(2), (5)(A) and 7 of the ADA.

8. Defendant will be served with process by serving Molly E. Wallace, Director of Corporate Investigations, Union Pacific Railroad, 1400 Douglas Street, Stop 310, Omaha, NE 68179.

## ADMINISTRATIVE REMEDIES EXHAUSTED

9. Plaintiff timely filed a charge with the EEOC alleging violations of the ADA by Union Pacific. Prior to institution of this lawsuit, the EEOC issued a right to sue letter less than 90 days prior to the filing of this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Union Pacific Corporation is one of America's leading transportation companies. Its principal operating company, Union Pacific Railroad Company, is North America's premier railroad franchise, covering 23 states across the western two-thirds of the United States.

11. In or around early 2014, Union Pacific made company-wide changes to its fitness-for-duty program ("Fitness-for-Duty") that put numerous qualified employees out of work on the basis of their disabilities. For one, Union Pacific imposed a blanket requirement that employees in certain positions disclose specified health conditions–even if the health condition had no impact on the employee's ability to safely perform his or her job. This requirement was needlessly invasive and violated the ADA by itself, but Union Pacific made matters worse by imposing a policy that automatically removed the employees disclosing these conditions from service. Union Pacific then subjected the employees to a Fitness-for-Duty evaluation—again regardless of whether the employee had been safely performing the essential functions of his or her job. The Fitness-for-Duty evaluations at issue do not in fact assess whether an employee is fit for duty. Union Pacific does not conduct physical evaluations; furthermore, it routinely disregards the opinions of outside doctors who do provide physical evaluations of the employees. Instead, Union Pacific demands medical information from the employee—including genetic information—and conducts a "file review" that mines the medical information for bases to disqualify the employee from service, either by falsely determining that the employee is unfit for duty, or by issuing permanent, unnecessary work restrictions which it then refuses to accommodate.

12. Plaintiff alleges that Defendant has engaged in unlawful employment practices. These unlawful actions are in violation of Sections 102(a) and (b)(4) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(4), as interpreted and explained by 29 C.F.R. § 1630.8.

13. On April 20, 2012, Plaintiff was involved in a train accident in which he was seriously injured after which he underwent several surgeries. To return to his craft, Union Pacific required a release from Plaintiff's treating physician stating that he was fit for duty with no restrictions which was provided to Union Pacific on or about January 19, 2017. Plaintiff's treating physician stated that he had no work restrictions for the position of Train Conductor. Plaintiff also

provided documentation from the Centre of Rehabilitation Excellence in Longview, Texas which stated that he met all job requirements of the Train Conductor position.

14. Union Pacific, without conducting any physical examination of Plaintiff, concluded he had "shoulder instability." On January 11, 2017, Union Pacific issued a work restrictions letter which speaks of "critical decision making." The prohibition for Plaintiff working in jobs that required critical decision making was due to his prescription for pain medication.

15. Plaintiff obtained a letter from his treating physician dated August 22, 2017 stating he was no longer taking pain medication. Again, Plaintiff was denied the opportunity to return to work by Union Pacific. At this point, Plaintiff had at least (10) doctors that had released him to return to work with no restrictions.

16. Despite the fact that he was released to work with no restrictions on March 29, 2016, Plaintiff was denied employment by Union Pacific. The reason given for Union Pacific's refusal to return Plaintiff back to duty was his pain medication prescription, which excluded Plaintiff under Union Pacific's Fitness-for-Duty policy. Plaintiff was victimized by Union Pacific's FFD program when it failed to return him back to work after he was fully released to work by his physician.

## AMERICANS WITH DISABILITIES ACT

17. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an individual with a disability, within the meaning of the ADA. Based upon the stated allegations, Plaintiff asserts two claims under the ADA: (1) Disparate treatment based upon Union Pacific's FFD program which imposes qualification standards and other criteria that screen out individuals with actual or perceived disabilities; and (2) Disparate impact based upon the FFD program which has an adverse impact on individuals with disabilities by, for example, screening Plaintiff from employment by reason of his pain medication prescription.

18. The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

19. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference to the federally protected civil rights of Plaintiff.

## DAMAGES

20. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

21. Defendant has intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## ATTORNEYS' FEES AND EXPERT FEES

22. A prevailing party may recover reasonable attorneys' and experts' fees under the

Americans with Disabilities Act.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.  Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

29. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including reimbursement of out-of-pocket expenses incurred as a result of the unlawful practices complained of herein.

30. Order Defendant to make whole Plaintiff by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses he suffered as a result of the unlawful employment practices described above in amounts to be proven at trial.

31. Order Defendant to hire Plaintiff for the position for which he applied.

32. Award punitive damages to Plaintiff for Defendant's malicious and/or reckless conduct described above, in amounts to be proven at trial, pursuant to the ADA.

33. Award pre-judgment post-judgment interest on all amounts recovered as allowed by law.

34. Grant such further relief as the Court deems necessary and proper in the public interest.

35. Award the Plaintiff his costs of this action.

## **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by his complaint.

                                                            Respectfully submitted,

                                                /s/ *William S. Hommel, Jr.*
                                                William S. Hommel, Jr.
                                                Hommel Law Firm PC
                                                5620 Old Bullard Road, #115
                                                Tyler, Texas 75703
                                                Telephone/Fax:  (903) 596-7100
                                                bhommel@hommelfirm.com

                                                COUNSEL FOR PLAINTIFF